**BOIES SCHILLER FLEXNER**

**MEMO ENDORSED**

August 29, 2018

**By ECF**
Hon. Kenneth M. Karas, U.S.D.J.
United States Courthouse
300 Quarropas Street
Chambers 533
White Plains, NY 10601-4150

Re:   *Broidy Capital Management LLC v. Benomar*, No. 18-CV-6615-KMK
       **Letter Motion for Informal Discovery Conference**

Dear Judge Karas,

        I write on behalf of Plaintiffs in the above-captioned matter to request an informal
discovery conference pursuant to Local Civil Rule 37.2. Plaintiffs seek an order permitting them
to conduct limited third-party discovery pursuant to Federal Rules of Civil Procedure Rule
26(d)(1). As the Court is aware, under ordinary circumstances parties generally confer pursuant
to Fed. R. Civ. P. 26(f) before commencing discovery. *See* Rule 26(d)(1). As discussed below,
however, this case implicates perishable electronic and other evidence, and Defendant's counsel
has declined to conduct a Rule 26(f) conference for over six weeks.

        Given Plaintiffs' concerns, Plaintiffs' counsel asked Defendant's counsel – Abbe Lowell
and Eric Bloom of Winston & Strawn LLP – to agree to a prompt Rule 26(f) conference so that ·
the parties could commence limited third-party discovery.[1] Counsel met and conferred about this
limited third-party discovery request (among other matters) by email and telephone on several
occasions since service of the Complaint, most recently on August 28. Although Plaintiffs'
counsel requested a Rule 26(f) conference this week or next week, Mr. Lowell sent Plaintiffs'
counsel an email on August 28, 2018, declining to be available for a Rule 26(f) conference until
October 11, 2018. *See* Attachment A. On August 29, 2018, Plaintiffs' counsel sent an email
observing that "Rule 26(f) provides that the parties are to confer 'as soon as practicable,'" and
asking for a representation that no one from Winston & Strawn – a law firm of nearly 1000
lawyers – could do a conference in the six weeks between then and October 11. *See* Attachment
B. Defendant's counsel confirmed their unavailability and requested that Plaintiffs "note that
counsel for Benomar intends to file an opposition to your motion, that he wants time to study the
case, to meet with his client who has been traveling abroad since well before the complaint was
filed, to review available evidence, and to prepare and file his responsive pleading before

---

[1] The Complaint was filed on July 23, 2018, and service of the summons and complaint took
place on August 20, 2018. Although no notice of appearance has yet been filed, Plaintiffs'
counsel has been in contact for several weeks with Defendant's counsel about service of process
and Defendant's response to the Complaint, among other matters. Defendant's counsel
confirmed on August 28, 2018, that Defendant will not challenge service of the Complaint and
will answer or otherwise respond to the Complaint by September 28, 2018. Plaintiffs' counsel
will send this letter to Defendant's counsel by electronic mail immediately upon its filing.

**BSF**

September 28. You can also note that counsel's press of other business and holiday observance, which, with other issues, will be elaborated upon in our opposition." *Id.*

Although the Second Circuit has not established a standard for Rule 26(d)(1) motions, and district courts in this circuit have split on the appropriate test, there is a "trend in favor of the reasonableness test." *New York v. Griepp*, No. 17-CV-3706, 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017) (citing *N. Atl. Operating Co. v. Evergreen Distribs. LLC*, 293 F.R.D. 363, 367, 368 n.7 (E.D.N.Y. 2013)). In this District, Judge Lynch both endorsed the reasonableness test and explicitly rejected the alternative stricter test, stating "this Court will assess the application under the flexible standard of reasonableness and good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (Lynch, D.J.).

Here, Plaintiffs can demonstrate both reasonableness and good cause. Discovery is necessary in this case now due to the likelihood that relevant information will be destroyed prior to the onset of discovery. The Complaint alleges that the Defendant was part of a criminal hacking conspiracy that involved a highly technical and sophisticated attack on Plaintiffs' computer systems and later the distribution of Plaintiffs' stolen documents to media outlets in the United States. Information already within Plaintiffs' possession demonstrates that the criminal hacking conspiracy used multiple third-party electronic services, including Internet Service Providers, email service providers, and cloud services providers to both effectuate the attack and to try to hide their identity, and in the process, compromised computers belonging to innocent third-parties. Digital forensic data will be critical to proving attribution of the attack at trial. The evidence collection process thus will entail obtaining perishable digital evidence by moving down a chain of third parties linking activity on the victims' servers, computers, and email accounts back to the attackers, who took significant and sophisticated precautions to try to hide their identity. These non-parties have no reason to preserve electronic information that may help Plaintiffs track the hackers and distributers and unmask them. Indeed, in the ordinary course, many electronic services and electronic devices implement data overwriting policies, which delete the kind of log files and records Plaintiffs need. This data overwriting often occurs without the service provider or device owner ever being aware that the information either existed or was deleted. This is not a hypothetical concern – Plaintiffs have learned from electronic service providers that data relevant to the attack on Plaintiffs has already been deleted. Nor can Plaintiffs simply request the preservation of responsive information – even if companies and device owners agree, Plaintiffs necessarily do not know all of the sources of responsive information. Only through discovery can Plaintiffs identify the full chain of third parties who are likely to possess material, and perishable, relevant forensic data.

Moreover, it is not just forensic electronic evidence that may be lost. Plaintiffs have already uncovered the role of previously unknown – and unregistered - agents of the State of Qatar operating in the United States.[2] Plaintiffs have a reasonable concern that evidence of work

---

[2] Plaintiffs obtained this information through discovery in *Broidy Capital Management, et ano. v. State of Qatar, et al.*, No. 18-cv-2421-JFW (C.D. Cal.), a related case regarding the same hack (the "California Case"), and related subpoena enforcement proceedings in this District, *Broidy Capital Management LLC, et ano. v. Allaham*, No. 18-mc-240-KBF (S.D.N.Y.). Although Defendant has suggested that Plaintiffs should conduct any needed discovery through the

Case 7:18-cv-06615-KMK   Document 8   Filed 08/29/18   Page 3 of 4

# BSF

for Qatar related to this case by unregistered agents may be lost if discovery is not taken promptly, especially in light of media reports indicating that the hack of Plaintiffs' computer servers is under federal criminal investigation . *See generally Richards v. Wisconsin*, 520 U.S. 385, 395 (1997) (recognizing that, under certain circumstances, those that are being investigated for crimes may have the opportunity and incentive to destroy evidence); *see also* 'Be Very Careful': Conversation Cited to Link Qatar to Hack of G.O.P. Donor, David D, Kirkpatrick *The New York Times*, https://www.nytimes.com/2018/05/24/world/middleeast/be-very-careful-conversation-cited-to-link-qatar-to-hack-of-gop-donor.html (May 24, 2018) ("The F.B.I. has opened a criminal investigation into allegations of hacking Mr. Broidy's account, according to people involved."); Qatar pushes back against Trump fundraiser's hacking allegations, Jenna McLaughlin, *CNN*, https://www.cnn.com/2018/06/18/politics/qatar-trump-broidy-email-lawsuit-pushback/index.html (June 18, 2018) ("The FBI is reportedly investigating the hacks into the Trump ally's email account.").

In contrast to Plaintiffs' need to conduct limited third-party discovery before intentional or unintentional spoliation occurs, Defendant will suffer no prejudice from third-party discovery as Plaintiffs have agreed not to take discovery of Mr. Benomar – or take any depositions – until after the Rule 26(f) conference in October.

Plaintiffs therefore seek an order under Rule 26(d)(1) permitting them to conduct limited discovery of third parties who may possess evidence related to the unlawful hack of Plaintiffs and distribution of their stolen documents. As noted above, to avoid any possible burden on Defendant and his counsel, Plaintiffs have agreed to refrain from discovery of Defendant, and from taking any depositions, until the Rule 26(f) conference takes place, before or on October 11.

Courts previously have granted Rule 26(d)(1) motions based on a similar need for exigency. For example, in *Griepp*, the court granted limited discovery to permit the plaintiff to gather information needed for a preliminary injunction hearing. *See Griepp*, 2017 WL 3129764, at *2. In *Ayyash*, the Court granted discovery because of concern that defendants would seek to hide their assets. *See Ayyash*, 233 F.R.D. at 327. In both cases, the courts tailored the permissible discovery to the reason for exigency, as Plaintiffs have proposed here. The common theme in decisions granting such discovery is that it is reasonable to commence discovery immediately where good cause exists (as is the case here), especially where limited discovery is tailored to avoid burdening other parties (as is the case here).

Plaintiffs' counsel is available for an informal discovery conference regarding this matter at the Court's convenience.

---

California litigation, the viability of Defendant's proposal is uncertain. The court in that matter dismissed four defendants for lack of personal jurisdiction and one defendant on grounds of sovereign immunity. Three remaining defendants are evading service and remain unserved as of today's date, and the dismissed defendants have indicated that they will oppose ongoing discovery in light of the case's procedural posture. In any event and perhaps most significantly, while the California Case is related, Plaintiffs must pursue separate perishable and other evidence in the instant proceedings in connection with the claims against Mr. Benomar.

**BSF**

Respectfully submitted,

*/s/ Lee S. Wolosky*

Lee S. Wolosky

<u>Cc by electronic mail:</u>
Abbe David Lowell, Esq.
Eric W. Bloom, Esq.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
ADLowell@winston.com
EBloom@winston.com
*Counsel for Defendant*

The Court will hold an initial conference on October 5, 2018 at 10:30

SO ORDERED

KENNETH M. KARAS U.S.D.J.

9/1/2018

# ATTACHMENT A

**From:** Lowell, Abbe David <ADLowell@winston.com>
**Date:** August 28, 2018 at 5:58:02 PM EDT
**Subject:** Broidy v. Benomar
**To:** Lee Wolosky <lwolosky@bsfllp.com>,Amy Neuhardt
<aneuhardt@bsfllp.com>
**Cc:** Bloom, Eric W. <EBloom@winston.com>

Lee and Amy –

Having reread Rule 26 and the Judge's own rules (concerning the Court's scheduling Rule 26 hearings up to <u>four</u> months after a complaint has been served) , with our client being abroad and the upcoming secular and religious holidays (as well as the time needed to respond to the complaint), we can do a Rule 26 conference on October 11.  We also can confirm that we will not object to service and will file our answer or other responsive pleadings on or before September 28.

Abbe

**Abbe David Lowell**

**Partner**

Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817

D: +1 202-282-5875

F: +1 202-282-5100

200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-3305

F: +1 212-294-4700

VCard | Email | winston.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# ATTACHMENT B

**From:** Lowell, Abbe David [mailto:ADLowell@winston.com]
**Sent:** Wednesday, August 29, 2018 3:57 PM
**To:** Lee Wolosky; Amy Neuhardt
**Cc:** Bloom, Eric W.
**Subject:** RE: Broidy v. Benomar

Lee-

If you are filing then, you can also note that counsel for Benomar intends to file an opposition to your motion, that he wants time to study the case, to meet with his client who has been traveling abroad since well before the complaint was filed, to review available evidence, and to prepare and file his responsive pleading before September 28. You can also note that counsel's press of other business and holiday observance, which, with other issues, will be elaborated upon in our opposition.

Abbe


**Abbe David Lowell**
**Partner**
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817
D: +1 202-282-5875
F: +1 202-282-5100

200 Park Avenue
New York, NY 10166-4193
D: +1 212-294-3305
F: +1 212-294-4700
VCard | Email | winston.com



**From:** Lee Wolosky <lwolosky@bsfllp.com>
**Sent:** Wednesday, August 29, 2018 3:15 PM
**To:** Lowell, Abbe David <ADLowell@winston.com>; Amy Neuhardt <aneuhardt@bsfllp.com>
**Cc:** Bloom, Eric W. <EBloom@winston.com>

**Subject:** RE: Broidy v. Benomar

Abbe,

October 11 is six weeks from now and Rule 26(f) provides that the parties are to confer "as soon as practicable."  As I indicated when we spoke, we intend to move the court absent agreement given good cause, including without limitation perishable evidence and complex international travel schedules, among other considerations.   If you are representing to us that no one from Winston & Strawn is available until October 11 we will represent that to the court.

Lee

---

**From:** Lowell, Abbe David [mailto:ADLowell@winston.com]
**Sent:** Tuesday, August 28, 2018 5:58 PM
**To:** Lee Wolosky; Amy Neuhardt
**Cc:** Bloom, Eric W.
**Subject:** Broidy v. Benomar

Lee and Amy –

Having reread Rule 26 and the Judge's own rules (concerning the Court's scheduling Rule 26 hearings up to <u>four</u> months after a complaint has been served) , with our client being abroad and the upcoming secular and religious holidays (as well as the time needed to respond to the complaint), we can do a Rule 26 conference on October 11.  We also can confirm that we will not object to service and will file our answer or other responsive pleadings on or before September 28.

Abbe

**Abbe David Lowell**
**Partner**
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817
D: +1 202-282-5875
F: +1 202-282-5100

200 Park Avenue
New York, NY 10166-4193
D: +1 212-294-3305
F: +1 212-294-4700
VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]