

1700 K Street, NW
Washington, DC 20006
T +1 202 282 5000
F +1 202 282 5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5875
ADLowell@winston.com

September 7, 2018

**VIA ECF**
Hon. Cathy Seibel, U.S. District Judge
The Hon. Charles L. Brieant, Jr. Courthouse
300 Quarropas Street, Courtroom 621
White Plains, NY 10601-4150

**Re:**  *Broidy Capital Management v. Benomar*, No. 18-CV-6615-CS-LMS
**Letter Re Informal Discovery Conference**

Dear Judge Seibel:

At the suggestion of one of your law clerks with whom I spoke yesterday afternoon about proper procedures in your court, I write this letter on behalf of Defendant Jamal Benomar to bring the Court up to date on a whirlwind of activity that has occurred in this case over the past week.

Plaintiffs filed their suit in this matter on July 23. Defendant Benomar travels extensively and has not been in the United States for some time. Plaintiffs' counsel decided to "serve" Mr. Benomar by leaving a copy of the summons and complaint on the porch of his house. On August 23, on behalf of Mr. Benomar, we agreed not to contest this service in exchange for the ability to file a response to it on or before September 28, 2018. Notwithstanding the fact that this was the schedule, at 10:00 p.m. on August 29, Plaintiffs filed a letter motion pursuant to Local Civil Rule 37.2 requesting an informal discovery conference to seek expedited discovery in this case, arguing that Defendant's agreement to hold the Rule 26(f) conference thirteen days after Defendant filed a response to the Complaint was somehow prejudicial to Plaintiffs. Ex. 2, Dkt. 8. The next day, because Defendant's counsel had not yet appeared, my colleague, John Harding, called Ms. Dawn Bordes, Judge Karas' Deputy Courtroom Clerk, and informed her that Defendant would appear and would be filing an opposition letter to Plaintiffs' request within the three business days[1] allowed by Judge Karas' individual rules. During the phone call, Ms. Bordes informed Mr. Harding that, consistent with normal practice, the Court would not decide the issue until Defendant had an opportunity to respond.

To provide larger context for Plaintiffs' letter motion, Plaintiffs filed a related case on March 26, 2018 in the Central District of California,[2] and thereupon served more than eighty-four (84) subpoenas in a 4-month period. The Court has dismissed all of the served parties in that matter, and indicated just today that he is inclined to dismiss the entirety of the action and enter a final order. Ex. 3. Plaintiffs are really seeking in their letter motion a new vehicle to continue their quest for discovery.

---

[1] The third business day was Tuesday, September 4 because of Labor Day.
[2] *Broidy Capital Management. v. State of Qatar*, No. 18-cv-2421-JFW (C.D. Cal.) ("California Action").



Over the weekend, on September 1, and prior to Defendant's deadline to respond, the Court simply "endorsed" Plaintiffs' letter motion and noted that "The Court will hold an initial conference on October 5, 2018 at 10:30." Dkt. 11. This order was distributed via ECF on the morning of September 4. Because of Ms. Bordes' representation that Defendant would be provided an opportunity to respond, Defendant's counsel understood this order as merely scheduling the informal discovery conference requested and noted this understanding and the reasons why expedited discovery was inappropriate in his letter opposition filed later that day. Ex. 1, Dkt. 13.

Before even reading Defendant's response, seeking some tactical advantage, Plaintiffs took the position that the Court's "endorsement" was actually a full out Rule 16 conference. Ex. 4. This reading of the order would force Defendant to meet with Plaintiffs for a Rule 26(f) conference on or before September 14 and before Defendant filed a response to the Complaint, which is roughly the equivalent of the Court granting expedited discovery without considering Defendant's reasoned arguments in his letter opposition on why expedited discovery should be denied.

When Plaintiffs' counsel recognized the difference of opinions, they requested that the parties jointly call Ms. Bordes to seek clarification. Ex. 4. Defendant's counsel declined, explaining that a call was unnecessary because the order was not ambiguous especially considering that (1) Plaintiffs did not request the relief they now argued they received (instead requesting only a conference to discuss their expedited discovery requests), (2) Ms. Bordes' represented that Defendant would be able to respond before the Court made a decision, and (3) their reading was inconsistent with standard federal practice because it would force Defendant to confer on discovery before even responding to the Complaint. Ex. 4. Defendant further noted that Defendant's understanding of the order was before the Court in his letter opposition and the Court would clarify its intention shortly given the current posture of the case. *Id.*

Rather than wait for the Court to review Defendant's letter opposition, Plaintiffs' counsel called Ms. Bordes on their own. They then asserted that "Ms. Bordes informed us that the conference ordered for October 5 is indeed a Rule 16 initial conference. That triggers a Rule 26(f) conference no later than next Friday, September 14." Ex. 4. I then was forced to call Ms. Bordes to confirm Plaintiffs' counsel's assertion. What Ms. Bordes said did not conform to Plaintiffs' counsel's rendition of their one-sided call. Ms. Bordes informed me that both she and Judge Karas had been away on vacation and had not communicated regarding this case until Judge Karas informed her that he would need to recuse himself because a former clerk was representing Plaintiffs. She said a new judge would be assigned to the case and the October 5 date, whatever it was intended to be, was no longer operative. She did not confirm that she interpreted the "endorsement" as requiring a Rule 16 conference. She said that the new judge would visit the request for a discovery conference regarding expedited discovery if prompted by the parties. She also said that she specifically told Plaintiffs' counsel that Judge Karas was recusing himself and that the October 5 date was not a real date any longer. None of this was conveyed by Plaintiffs' counsel to me or to this Court.

On September 6, a docket entry confirmed Judge Karas had taken himself out of the case, and it was reassigned to your Honor. Plaintiffs wasted no time to try again to assert their desire for and interpretation that they could proceed with expedited discovery despite their strained view of what "endorsed" meant and in complete disregard to the fact that this case has been transferred making the



October 5 conference inoperative. Just yesterday, Plaintiffs' counsel actually wrote that they intend to serve discovery on and after September 14 regardless of whether a Rule 26(f) conference occurs. Ex. 4. And now, Plaintiffs' counsel asks the Court to blindly move forward with their interpretation of Judge Karas' notation, regardless of what was actually intended and without considering Defendant's letter opposition.

     Defendant's opposition letter (Ex. 1) demonstrates why Plaintiffs' request should be denied. Among other reasons, in their motions to be filed, Defendant will argue why the case — like its companion case in California — should be dismissed and no discovery at all should occur. He will point out that, contrary to Plaintiffs' claim of prejudice, Plaintiff has issued over 84 subpoenas through the now-failed California case, for the same type of discovery Plaintiffs seek to initiate here. And he will point out that there is no urgency to turning the rules on their head and to put the expedited discovery horse before the normal procedure cart.

     Defendant now requests the Court schedule its own telephone or in person conference to establish the schedule it believes should occur, now having Defendant's letter opposition, knowing the September 28 response/answer date, and fully understanding what Plaintiffs are trying to do in New York that they have been denied the ability to do in California.[3] Asking this Court to keep in mind upcoming religious holidays, Defendant's counsel will make himself available for such a conference. This is the orderly way to proceed rather than allowing Plaintiffs' counsel to bully their way to a procedure not set out in or envisioned in the rules.

Respectfully,

/s/ Abbe David Lowell

Abbe David Lowell

The Court hereby withdraws the referral of this case to Magistrate Judge Smith (with thanks to her).

A conference on Plaintiff's application to commence third-party discovery will be held on 10/10/18 at 4:15 pm. If Defendant files an answer on or before 9/28/18, the conference will also be a Rule 16 scheduling conference. If Defendant files a pre-motion letter on or before 9/28/18, Plaintiffs should respond by 10/4/18, and the conference will also be a pre-motion conference. (Pre-motion letters and responses may not exceed 3 pages.)

SO ORDERED.

CATHY SEIBEL, U.S.D.J.   9/7/18

---

[3] At this conference, Defendant will bring to the Court's attention improper efforts to obtain data from Defendant's and his family's cell phones and to determine who was responsible for these events.