

October 4, 2018

**By ECF**
Hon. Cathy Seibel, U.S.D.J.
United States Courthouse
300 Quarropas Street (Courtroom 621)
White Plains, NY 10601-4150

Re:   *Broidy Capital Management LLC v. Benomar*, No. 18-CV-6615
      **Plaintiffs' Response to Defendant's Pre-Motion Letter Re Motion to Stay Discovery**

Dear Judge Seibel:

The Court should decline to permit briefing on a motion for stay of discovery, but instead issue an order requiring Defendant to promptly schedule a Rule 26(f) conference. Alternatively, the Court should order that the parties proceed to discovery without a Rule 26(f) conference. *See* F.R.C.P. Rule 26(d)(1) (requiring a Rule 26(f) conference except "when authorized by … court order.")[1]

Defendant refers to the action in the Central District of California but fails to mention that the Court in that action declined to stay discovery in the face of the same immunity arguments asserted here. In fact, it was only as a result of discovery in that case that Plaintiffs learned of Defendant's role in the global criminal hacking conspiracy against Plaintiffs' computer systems, his alleged personal participation in the review and distribution of Plaintiffs' stolen documents to U.S. media, and the details of multi-million dollar financial arrangements and disputes involving the co-conspirators, among other things.

Defendant's proposed motion to stay is premised on a proposed motion to dismiss. It is well established, however, that "[d]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted) (denying a stay of discovery pending a motion to dismiss). Moreover, "[t]he party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, No. 15-CV-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citation omitted). In evaluating whether to stay discovery, a court considers factors including: "(1) [w]hether the defendant has made a strong showing that the plaintiff's claim is unmeritorious"; (2) "[t]he breadth of discovery and the burden of responding to it"; and (3) "[t]he risk of unfair prejudice to the party opposing the stay." *Id.* Defendant's proposed motion does not satisfy these factors.

Defendant's proposed motion to dismiss is based on two arguments: (1) failure to state a claim; and (2) arguments that Defendant is immune from suit.

**No Stay Should Be Entered With Respect To Defendant's Proposed Motion For Failure To State A Claim.** Defendant's letter does not even attempt to show that his motion to dismiss warrants a stay. That failure alone justifies denial of a stay. In *Republic of Turkey v. Christie's,*

---

[1] An order permitting the parties to proceed with discovery without a Rule 26(f) conference is justified since the Defendant has already for many weeks refused to hold a Rule 26(f) conference. This action was commenced in July.



*Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018), the court denied to stay discovery because it was "unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers are not yet due" and "cannot say that Counts II and III on their face are utterly devoid of merit." *See also Mirra*, 2016 WL 889559, at *2 (denying request for stay of discovery where "the Court is unable to conclude that the defendant made a strong showing, at this time, that the plaintiff's claim is not meritorious"); *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (denying a stay despite moving defendants having "made a colorable showing raising doubts as to the viability of plaintiffs' complaints").

Moreover, Plaintiffs intend to include in their Amended Complaint documents obtained in the California action that evidence Defendant's culpability. (Much of the evidence in that action cannot be described here because it remains subject to confidentiality protective order designations.)  But telling non-confidential examples include that one of Defendant's co-conspirators maintained that he was "sure" Defendant "took the credit" for reviewing Plaintiffs' stolen materials and that that same co-conspirator is contemplating litigation against the Defendant after not receiving five to ten million dollars he says he is owed.

The burden of discovery on Defendant is low and the potential prejudice to Plaintiffs from delaying discovery is significant.  The hacking conspiracy used multiple third-party electronic services, including Internet Service Providers, email service providers, and cloud services providers both to effectuate the attack and to try to hide their identity, and in the process, compromised computers belonging to innocent non-parties.  The evidence collection process thus will entail obtaining perishable digital evidence by moving down a chain of non-parties.  Discovery will link activity on the victims' servers, computers, and email accounts back to the attackers (who took significant and sophisticated precautions to try to hide their identity) and to their conspirators.  These non-parties have no reason to preserve the electronic information that may help Plaintiffs unmask the hackers and distributers. They may, in the ordinary course of business, implement data overwriting policies that delete the kind of log files and records sought by Plaintiffs.[2]

Plaintiffs have a reasonable concern that relevant evidence may be lost if discovery is not taken promptly, especially in light of media reports indicating that the hack of Plaintiffs' computer servers is under federal criminal investigation.[3] *See generally Richards v. Wisconsin*, 520 U.S. 385, 395 (1997) (recognizing that, under certain circumstances, those that are being investigated for crimes may have the opportunity and incentive to destroy evidence).  This is especially true given the fact that Plaintiffs will seek discovery from previously unknown agents of the State of Qatar operating in the United States who have not registered with the Department of Justice, as required by law.  These facts stand in stark contrast to *Boelter v. Hearst Commc'ns, Inc.*, 15-CV-03934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016), cited by Defendant, in which the court noted that "a stay will neither prejudice Plaintiff nor unnecessarily delay the proceedings." *Id.* at *5;

---

[2] Notably, in the California action, even the State of Qatar did not object to the continuation of third-party electronic discovery pending resolution of its motion to dismiss on grounds of sovereign immunity.

[3] 'Be Very Careful': Conversation Cited to Link Qatar to Hack of G.O.P. Donor, David D, Kirkpatrick *The New York Times*, https://www.nytimes.com/2018/05/24/world/middleeast/be-very-careful-conversation-cited-to-link-qatar-to-hack-of-gop-donor.html (May 24, 2018) ("The F.B.I. has opened a criminal investigation into allegations of hacking Mr. Broidy's account, according to people involved.").



*see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) (finding that a stay would "not prejudice the Plaintiff to any degree").

**No Stay Should Be Entered With Respect To Defendant's Proposed Motion Based on Immunity.** As discussed in more detail in Plaintiffs' concurrently filed letter, Defendant's immunity claims are without merit. This distinguishes Defendant's reliance on *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013), in which the court found "substantial" reason to doubt that it had subject matter jurisdiction. And as noted above, even in the California action, the court declined to stay discovery in the face of the same immunity arguments made here.

In any event, where an individual claims to be immune from suit based on his work for a foreign government, far from staying discovery, a plaintiff should at a minimum be permitted to conduct jurisdictional discovery to determine the facts necessary to resolve the motion. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("Discovery itself is designed to help define and clarify the issues" and the Defendant has now introduced these "fact-oriented issues" that necessitate discovery); *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (discovery is appropriate with regards to the "specific facts crucial to an immunity determination"); *Moriah v. Bank of China Ltd.*, 107 F. Supp. 3d 272, 274 (S.D.N.Y. 2015) (it is appropriate for the court to allow Plaintiffs to propound discovery "to determine whether [non-party witness] acted as an agent for the [foreign state]"). In this case, discovery could resolve such issues as the scope and dates of Defendant's alleged official positions, his apparent concurrent work targeting Plaintiffs, and what compensation he received for performing such actions and from whom.

This action was commenced in July. Defendant has refused to conduct a Rule 26(f) conference for weeks, and cannot establish the good cause necessary to justify a stay of discovery based on his contemplated motion to dismiss. In contrast, as discussed above, Plaintiffs will likely suffer prejudice if not permitted to conduct discovery pending resolution of that motion. For these reasons, the Court should issue an order under Rule 26(d)(1) authorizing the commencement of discovery without further delay. Alternatively, the Court should order that the parties promptly schedule a Rule 26(f) conference and report back to the Court.

    Respectfully submitted,

    */s/ Lee S. Wolosky*

    Lee S. Wolosky