

1700 K Street, NW
Washington, DC 20006
T +1 202 282 5000
F +1 202 282 5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5875
ADLowell@winston.com

November 27, 2018

**VIA ECF**
Honorable Cathy Seibel, U.S. District Judge
The Honorable Charles L. Brieant, Jr. Courthouse
300 Quarropas Street, Courtroom 621
White Plains, NY 10601-4150

**Re:** *Broidy Capital Management v. Benomar*, No. 18-CV-6615-CS-LMS
 **Letter Re Request to Amend**

Dear Judge Seibel:

Last night, Plaintiffs created a new procedure, a "pre-pre motion letter," to ask for something this Court already denied — file an amended complaint before ruling on the pending motion. Besides the fact that the Court already ruled, as far as Mr. Benomar is concerned, there would be no amendment that can change the result because his status immunity — which Plaintiffs now have to acknowledge – would cover any changes in their pleadings. Whatever Plaintiffs believe they can argue against his status immunity has been done and can be done in the current motions. And while Plaintiffs hint that there are new exhibits or facts to consider that necessitate the amendment and oral argument on December 21, that is not really accurate. Their counsel was in constant contact with the U.S. Department of State and U.S. Mission, and at least two days before they filed their Opposition, they were informed that the very things they said were needed for there to be status immunity had been granted by the U.S. Even still, they decided to file their Opposition as if those events did not occur.

For the reasons below, this Court should make clear that Plaintiffs should hold in abeyance any and all further motions until after this Court decides the current Motion to Dismiss.

First, in their most recent letter (Dkt. 51), Plaintiffs request relief that has already been considered *and denied* by the Court: "what I want now is the 12(b)(1) motion. The amended complaint, it seems to me, should await the decision there. If Mr. Benomar is out of the case, then it can be a whole new complaint. It won't be an amended complaint." Oct. 10, 2018 Tr. 46:4-8. The Court's October 10 decision was not made in a vacuum. It instead instructed Mr. Benomar *not* to proceed with his contemplated 12(b)(6) motion but instead to limit his motion to dismiss to his immunity claims. *Id.* 23:20-23. On the basis of this streamlined motion, the Court concluded that it made sense to stay discovery, *id.* 46:23-47:2, and to hold in abeyance the filing of any amended complaint, *id.* 46:4-8, until after the Court first decided Mr. Benomar's motion. The "new facts and arguments" Plaintiffs allege were made in the November 14, 2018 letter (Dkt. 46) and Reply Brief (Dkt. 48) do not alter the considerations relied on by the Court in making its decision because they merely support the fact that Mr. Benomar should not be in this case as he is a diplomatic agent with full status immunity. The 12(b)(1) motion should be considered before any amendment, especially now that it has been fully briefed.



Honorable Cathy Seibel
Letter Re Request to Amend
November 27, 2018
Page 2

Second, the "new facts and arguments" Plaintiffs complain of are not new. Plaintiffs were notified by a reporter at least two days *prior* to the filing of their Opposition that the State Department had acknowledged Mr. Benomar's immunity, and the State Department made this official by an email directed to both counsel prior to Plaintiffs' filing of their pleading, an email Plaintiffs even attached as an exhibit to their argument (*see* Dkt. 45-3). The issuance of Mr. Benomar's blue diplomatic ID card was just an inevitable result of that acknowledgment. Rather than fully adjusting their Opposition in light of what they knew, Plaintiffs instead chose to file their submission timely, wait until Mr. Benomar filed his Reply Brief, and then claim a need to have last word. What is more, *in response* to the November 14, 2018 letter that Plaintiffs now complain of, which informed the Court that the blue ID card was forthcoming, Mr. Wolosky stated: "We believe we have addressed Mr. Lowell's points in our opposition brief that was filed earlier today." (Dkt. 47). Because Plaintiffs were aware of these facts prior to the filing of their Opposition (Dkt. 45) and response letter (Dkt. 47), it would be unjust now to provide Plaintiffs an opportunity to further respond or amend their Complaint.

Third, Plaintiffs' attempt to turn the December 21 court date into an opportunity for oral argument should be denied. (*see* Dkts. 47 and 51). During the October 10 hearing, the Court, consistent with its individual rules, determined that oral argument was not necessary. Oct. 10, 2018 Tr. 26:13-25.[1] Even if the Court had not already decided the issue (it has), Plaintiffs' request for oral argument is untimely and should be denied for that reason alone. *See* Judge Seibel's Individual Rules ("The Court does not usually hear oral argument, but parties may request oral argument by letter *at the time their moving or opposing or reply papers are filed.*")

For all these reasons, this Court should deny Plaintiffs' requests to file still further motions until and unless the Court first denied Plaintiffs' pending motion to dismiss.

Respectfully,

/s/ Abbe David Lowell

Abbe David Lowell

---

[1] THE COURT: Assuming that the motion is going to be fully briefed November 21, let me ask Mr. Clark to find a time, maybe right before the Christmas week, and I will try to give you my ruling. And if I can't get my act together to do it, we'll push it off and let you know, but this will be a goal for me, maybe, like, right before Christmas.
THE DEPUTY CLERK: December 21, 2018, at 10:00 a.m.
THE COURT: Does that work for everyone?
MR. DWYER: Is that a conference, your Honor?
THE COURT: That's for me to give you my ruling on the immunity motion.
MR. DWYER: But for us to show up?
THE COURT: Oh, yes.